UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Yoan Valdez,

    Plaintiff,

vs.

TRANS-MIA, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff Yoan Valdez (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendants TRANS-MIA, LLC, (hereinafter "Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 pursuant to the Family and Medical Leave Act of 1993, as amended, (the "FMLA") for interference with Plaintiff's FMLA rights and retaliation for exercising FMLA rights and for damages.

2. Plaintiff continues to be, a resident of Miami Dade County, Florida.

3. Plaintiff was an employee of Defendant, employed as a Manager in Dade County, Florida.

4. Defendant employs fifty (50) or more employees within a seventy-five (75) mile radius for each working day during each of the twenty (20) or more calendar work weeks in the relevant calendar years.

5. Prior to seeking medical leave, Plaintiff had been employed by Defendant for at least twelve (12) months, had worked at least 1,250 hours during those twelve (12) months, and, at all times material hereto, Plaintiff was an "employee" within the meaning of the Family and Medical Leave Act of 1993.

6. Venue is proper in Dade County because all of the actions complained of herein occurred within the jurisdiction of Dade County.

7. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## **FACTUAL ALLEGATIONS**

8. Plaintiff performed work for Defendant from approximately August 30, 2021 through November 9, 2022 and at all times material to the action alleged in this Complaint is and was a covered employee for purposes of the FMLA.

9. Plaintiff worked for defendant for more than 1 year full time and worked over 1250 hours during the year prior to his use of FMLA. Plaintiff was an FMLA eligible employee.

10. In 2022, Plaintiff was forklift driver for Defendant earning an hourly rate from August 30, 2021 through November 9, 2022 while working full time.

11. Plaintiff's son was born on October 7, 2022, at that time he timely requested time off from Defendant.

12. He took ten days due to the fact the blood tests performed on his son at birth revealed a possible endocrine disorder.

13. The TSH was out of range, so the child was referred to an endocrinologist.

14. For this reason, Mr. Valdes had to be absent again for four days, between October 18, 2022, to November 9, 2022, to attend his newborn son's medical appointments.

15. On November 9, 2022, Mr. Valdes was wrongfully terminated because he had been repeatedly absent from his job due to his son's disability.

16. Defendant knew of Plaintiff's son's condition and knew that Plaintiff would need to take more days off in the future to care for his son's needs.

17. Defendant then terminated plaintiff as a result of his need for time off and their refusal to accommodate Plaintiff's time off to treat pursuant to his FMLA rights.  Defendant was well aware of Plaintiff's repeated use of FMLA time for doctor's appointments.

18. Any other reason offered by Defendant is a pretext for unlawful behavior with respect to Plaintiff's use of his legal rights to FMLA.

19. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected.

## COUNT I
### *Interference With Rights Under The FMLA*

20. Plaintiff the allegations stated in paragraphs 1-19 above of this Complaint as if set out in full herein.

21. Plaintiff is an individual entitled to protection under the FMLA.

22. Plaintiff is an employee within the meaning of the FMLA.

23. Plaintiff engaged in protected activity within the meaning of the FMLA when she requested FMLA leave through Defendant's Human Resources Department.

24. Defendant's actions interfered with Plaintiff's lawful exercise of FMLA rights.

25. Defendant's actions constitute a violation of the FMLA as more fully detailed above.

26. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, liquidated damages, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff front pay;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

F. A trial by jury.

## COUNT II
### *Retaliation under the FMLA*

27. Plaintiff the allegations stated in paragraphs 1-19 above of this Complaint as if set out in full herein.

28. Plaintiff is an individual entitled to protection under the FMLA.

29. Plaintiff is an employee within the meaning of the FMLA.

30. Plaintiff engaged in protected activity within the meaning of the FMLA.

31. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

32. Defendant's actions constitute a violation of the FMLA.

33. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, liquidated damages, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff front pay;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

F. A trial by jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: January 12, 2023                              Respectfully submitted,

/s/ Elvis J. Adan
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
